845 So.2d 1037 (2003)
Ginger BAILEY, et al.
v.
Dr. Gregory KHOURY, et al.
No. 2003-CC-0165.
Supreme Court of Louisiana.
April 4, 2003.
PER CURIAM.
Plaintiff seeks review of three separate judgments of the court of appeal: (1) a judgment granting consolidated writ applications filed by Dr. Gregory Khoury and Dr. Robert Ancira; (2) a judgment granting a writ application filed by Walgreen Louisiana Co.; and (3) a judgment granting a writ application filed by Eckerd Corporation. Plaintiff sought rehearing from the judgment in favor of Dr. Khoury and Dr. Ancira. Upon denial of that rehearing by the court of appeal, she filed a timely application in this court. Plaintiff also *1038 sought rehearing of the judgment in favor of Walgreen; that application remains pending in the court of appeal. Plaintiff did not apply for rehearing from the judgment in favor of Eckerd nor did she apply to this court within thirty days of the court of appeal's original judgment.
The court of appeal's judgment in favor of Dr. Khoury and Dr. Ancira reversed the judgment of the trial court. Because one judge of the three-judge panel dissented, the court of appeal erred in failing to direct that the case be reargued before a five-judge panel as required by La. Const. Art. V, § 8(B).[1] Accordingly, the judgment of the court of appeal is vacated and set aside, and the case remanded to the court of appeal for reargument before a five-judge panel.
The court of appeal's judgment in favor of Walgreen likewise failed to comply with La. Const. Art. V, § 8(B). Because plaintiff's application for rehearing is pending in the court of appeal, her application to this court is technically premature. However, in the interest of judicial economy, we will exercise our supervisory authority and vacate and set aside the judgment of the court of appeal. The matter is remanded to the court of appeal for reargument before a five-judge panel, if it has not done so already.
Plaintiff's application from the judgment in favor of Eckerd was not timely filed in this court. The judgment of the court of appeal is now final and definitive. La. Code Civ. P. art. 2166(A). Accordingly, with respect to this judgment, plaintiff's application is not considered.
NOTES
[1] La. Const. Art. V, § 8(B) provides:

A majority of the judges sitting in a case must concur to render judgment. However, in civil matters only, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment.